IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEFAN MOISIUC AND LILIANA MOISIUC, *Plaintiffs* | § § § | |
| v. | § § § | |
| ARGENT MORTGAGE COMPANY LLC; WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF PARK PLACE SECURITIES, INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-MCW1; WELLS FARGO BANK, N.A. AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF PARK PLACE SECURITIES, INC., ASSET BACKED PASS THROUGH CERTIFICATES, SERIES 2004-MCW1, CLASS A-1 CERTIFICATES; BANK OF AMERICA, N.A.; COUNTRYWIDE HOME LOANS INC.; AND SPECIALIZED LOAN SERVICING LLC, *Defendants* | § § § § § § § § § § § § § § § § § | CASE NO. _____ |

## DEFENDANTS' NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS:

COME NOW Defendants, Specialized Loan Servicing, LLC, and Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Park Place Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2004-MCW1, and pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, gives notice that it hereby removes the action styled *Stefan Moisiuc, et al v. Argent Mortgage Company LLC, et al,* Cause No. 2018-07197 - In the 269th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division. Defendants provide the following in support of this removal:

Page **1** of **10**

**I.**
**REQUIREMENTS FOR REMOVAL**

1.      Pursuant to 28 U.S.C. § 1446(a), Defendants attach to this Notice of Removal:

    i)      A true and correct copy of Plaintiffs' Original Petition and Application for Temporary Restraining Order and Temporary Injunction, and the exhibits attached thereto (Exhibit A);

        Exhibit 1:  Deed of Trust

        Exhibit 2:  Warranty Deed with Vendor's Lien

        Exhibit 3:  Notice of Substitute Trustee's Sale (December 4, 2012 Sale Date)

        Exhibit 4:  Notice of Trustee's Sale (February 6, 2018 Sale Date)

        Exhibit 5:  Consent Order

        Exhibit 6:  Consent Order

        Exhibit 7:  Corporation Assignment of Deed of Trust/Mortgage

        Exhibit 8:  Corporation Assignment of Deed of Trust/Mortgage

        Exhibit 9:  Affidavit of Stefan Moisiuc

        Exhibit 10:Pictures of Property

        Exhibit 11:Mortgage Statement

        Exhibit 12:Notice of Acceleration and Posting

    ii)     A true and correct copy of the Docket Sheet for Cause No. 2018-07197 (Exhibit B);

    iii)    A true and correct copy of the Proposed Ex Parte Temporary Restraining Order Halting Substitute Trustee Foreclosure Sale (Exhibit C);

    iv)     A true and correct copy of the Pooling and Servicing Agreement for the Park Place Securities, Inc. Asset-Backed Pass-Through Certificates Series 2004-MCW1, dated September 1, 2004 (Exhibit D); and

    v)      A true and correct copy of the 2017 Property Tax Statement from the Harris County Tax Assessor-Collector for account number 103-147-000-0003 (Exhibit E).

2.      This Court has original jurisdiction of this suit based upon the Court's federal diversity jurisdiction. 28 U.S.C. § 1332. With certain limitations, any civil action brought in a state court may be removed to the district court of the United States for the district and division that encompasses the county wherein the action is pending.  *See* 28 U.S.C. § 1441.  The Houston Division of the Southern District of Texas is the proper court for removal from a District Court in Harris County, Texas. *See* 28 U.S.C. § 124(b)(2).

3.      As required by 28 U.S.C. § 1446(d), the removing Defendants will promptly give all parties written notice of the filing of this Notice of Removal and will promptly file a notice of removal with the Clerk of the 269th Judicial District Court in Harris County, Texas.

## II.
## REMOVAL IS TIMELY

4.      No Defendant has been served as of the date of the filing of this Notice of Removal.  Removal is timely under 28 U.S.C. § 1446(b).

## III.
## DIVERSITY JURISDICTION

5.      This Court has jurisdiction over claims between diverse parties where the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332.

### A.      All Parties are Diverse

6.      **Plaintiff Stefan Moisiuc.** Plaintiff Stefan Moisiuc is a citizen of the State of Texas. (Doc. No. 1-1 at ¶ 1).

7.      **Plaintiff Liliana Moisiuc.** Plaintiff Liliana Moisiuc is a citizen of the State of Texas. (Doc. No. 1-1 at ¶ 1).

8.      **Defendant Argent Mortgage Company, LLC.** Defendant Argent Mortgage Company, LLC is, or was, a non-resident limited liability corporation.  For diversity purposes,

the citizenship of a limited liability company is determined by the citizenship of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Argent Mortgage Company, LLC was purchased by Citigroup, a corporation, on August 31, 2007. For purposes of diversity, a corporation is citizen of the state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Citigroup is a Delaware corporation with its principal place of business in New York. Thus, Argent Mortgage Company, LLC is a citizen of the states of Delaware and New York for purposes of diversity jurisdiction.

9.     **Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Park Place Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2004-MCW1**.  A review of Plaintiffs' Petition reveals that Wells Fargo Bank, N.A. is the real party in interest, and that the trust identified herein is merely a nominal party. Specifically, Plaintiffs allege no wrongful action by the Trust.  Rather, Plaintiffs take great pains to detail the alleged wrongful conduct of Wells Fargo Bank, N.A., and to allege the actions of Wells Fargo, not the trust, are the basis of Plaintiffs' claims. *See* Doc. 1-1 ¶¶ 22-36 (premising the claims asserted in the Petition on bad actions taken by Wells Fargo Bank, N.A. in its individual capacity and not as trustee, and further incorporating and requesting judicial notice of the 2011 Department of the Treasury Consent Order against Wells Fargo Bank, N.A. in its individual capacity, and not as trustee); *see also* (Doc. No. 1-1, Ex. 5). It is clear from Plaintiffs' Petition that the real party in interest is Wells Fargo Bank, N.A.

10.     Further the Pooling and Servicing Agreement naming Wells Fargo Bank, N.A. as trustee provides that Wells Fargo Bank, N.A. is the owner of all right, title and interest of the mortgage loans owned by the Trust. (Exhibit D).  Further, the Certificateholders identified in the Pooling and Servicing Agreement have little to no control over Wells Fargo Bank, N.A. as the

trustee. Consequently, this trust at issue is a business trust and the citizenship of this Defendant is determined by the citizenship of Wells Fargo Bank, N.A.

11.     Wells Fargo is a national bank and therefore a citizen of the state in which its main office, as designated in its articles of association, is located. 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307, 126 S. Ct. 941, 163 L. Ed. 2d 797 (2006). Accordingly, Wells Fargo is a citizen of South Dakota, the location of Wells Fargo Bank, N.A.'s main office.

12.     **Defendant, Wells Fargo Bank, N.A.** Wells Fargo Bank, N.A. is the Trustee for the Certificateholders of Park Place Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2004-MCW1, Class A-1 Certificates. The same analysis made in connection with Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Park Place Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2004-MCW1, applies to this Defendant. This Defendant is a citizen of South Dakota, the location of Wells Fargo Bank, N.A.'s main office.

13.     **Countrywide Home Loans, Inc.** Countrywide Home Loans, Inc. is a corporation formed under the laws of the State of New York with its principal place of business in California. Countrywide Home Loans, Inc. is a citizen of the states of New York and California.

14.     **Bank of America, N.A.**  Defendant, Bank of America, N.A., is a national banking association, and is a citizen of North Carolina, the state where its main office is located.

15.     **Specialized Loan Servicing LLC**. Specialized Loan Servicing, LLC ("SLS") is a limited liability company organized and existing under the laws of the State of Delaware and headquartered in Highlands Ranch, Colorado. SLS is a wholly owned subsidiary of Specialized Loan Servicing Holdings, LLC ("SLS Holdings"), which, in turn, is a wholly owned subsidiary of Computershare Limited, an Australian corporation with it principal place of business in

Australia. The citizenship of an LLC is determined by the citizenship of all its members. SLS has the citizenship of its "member" SLS Holdings; SLS Holdings has the citizenship of its member Computershare.   Computershare is a corporation formed under the laws of the country of Australia.  A "corporation of a foreign State is, for purposes of jurisdiction in the courts of the United States, to be deemed, constructively, a citizen or subject of such State." *JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure, Ltd.*, 536 U.S. 88, 90 (2002). Computershare is a citizen of the country of Australia, and, consequently, SLS is a citizen of the country of Australia.

16.     All of the parties are diverse satisfying the first prong of diversity jurisdiction.

**B.     The amount in controversy exceeds the jurisdictional minimum amount of $75,000.00**

17.     Plaintiffs' Petition seeks injunctive and declaratory relief regarding enforcement of the Note and Deed of Trust executed by Plaintiffs in connection with their purchase of the Property. (Doc. No. 1-1 ¶¶ 103-111).

18.     "It is well established that 'when equitable and injunctive relief is sought 'the amount in controversy is measured by the value of the object of the litigation,' and '[t]he value of that right is measured by the losses that will follow.'" *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 U.S. Dist. LEXIS 77124, 2009 WL 2868224, at *2-3 (S.D. Tex. Aug. 27, 2009) (Rainey, J.); *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961) ("When the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy.").

19.     <u>Plaintiffs' Declaratory/Injunctive Relief claims exceed $75,000.00</u>. On the face of Plaintiffs' Petition, they seek both injunctive and declaratory relief that would restrain enforcement of a contract (Doc. No. 1-1, ¶ 108), and render uncollectable amounts owed under

the contractual agreement between the parties. (Doc. No. 1-1, ¶ 108). Plaintiffs concede the original amount of contract is $156,400.00 (Doc. 1-1, ¶ 18), that the past due balance on the contract is $99,379.14 (Doc. 1-1, ¶ 117), and the total amount due is at least $225,601.94. (Doc. 1-1, ¶ 117).

20.     Further, the current value of the property is at least $215,892.00, as reflected by the Harris County Tax Assessor-Collector.  (Doc. No. 1-5).

21.     Because the value of the contract underlying Plaintiffs' claims has a value in excess of $75,000.00, and Plaintiffs seek injunctive and declaratory relief concerning this agreement, the amount in controversy exceeds this Court's minimum jurisdictional threshold and diversity jurisdiction exists.

22.     The amount in controversy for foreclosure claims exceeds $75,000.00. Plaintiffs' request to enjoin foreclosure.  The Fifth Circuit and district courts in each district of the state hold that the amount in controversy in suits seeking to prevent or rescind a foreclosure is the value of the property that is the object of the litigation.  *Farkas v. GMAC Mortgage,* LLC, 737 F.3d 338, (5th Cir. 2013); *Green v. Bank of America, N.A.*, No. 4:13CV92, 2103 U.S. Dist. LEXIS 66320, at *4 (E.D. Tex. 2013); *McDonald v. Deutsche Bank Nat. Trust Co.*, 3:11-CV-2691-B, 2011 WL 6396628 (N.D. Tex. Dec. 20, 2011); *Martinez v. BAC Home Loans Servicing, LP*, 777 F. Supp. 2d 1039, 1047-48 (W.D. Tex. 2010) ("[T]he value of the property is the object of the litigation for the purposes of determining whether the amount-in-controversy requirement has been met so long as the plaintiff is seeking injunctive relief to prevent or undo the lender's sale of the property."); *Berry v. Chase Home Finance, LLC*, No. C-09-116, 2009 WL 2868224, at *3 (S.D. Tex. Aug. 27, 2009)(holding that the value of declaratory and injunctive relief is the current appraised fair market value of the property, because "[a]bsent judicial relief, Plaintiff

could be divested of all right, title and interest to the Property"). Because Plaintiffs seek to avoid foreclosure of the Property though injunctive relief and seek a declaration that would deprive Defendants of their interest in the Property, the amount in controversy is the value of the Property.

23.     Plaintiffs seek a declaratory judgment which would prohibit and preclude Defendants from foreclosing on the Property where the balance due on the loan exceeds $75,000.00. The total past due on the promissory note was $99,379.14. (Doc. No. 1-1 ¶ 117). The total remaining balance due on the promissory note was $225,601.94. (Doc. No. 1-1 ¶ 117). Plaintiffs expressly request a declaration that Defendants be enjoined from ever collecting the unpaid amounts owed through enforcement of their security interest in the Property.

24.     The amount in controversy for Plaintiffs' claims exceeds $75,000.00 and removal of this proceeding is proper.

## IV.
## PARTIES TO THIS CASE

25.     Defendants hereby file this list of all parties of record and their counsel, including addresses, telephone numbers, and parties represented.

| Counsel | Parties Represented |
|---|---|
| Jeffrey C. Jackson<br>Texas Bar No. 24065485<br>Jeffrey Jackson & Associates, PLLC<br>2200 North Loop West, Suite 108<br>Houston, Texas 77018<br>Telephone:  (713) 861-8833<br>Facsimile:  (713) 682-8866<br>Email:  jeff@jjacksonllp.com | Stephan Moisiuc and Liliana Moisuic |
| Philip C. Reeves<br>Texas Bar No. 24065959<br>ShapiroSchwartz, LLP<br>13105 Northwest Freeway, Suite 1200 | Specialized Loan Servicing, LLC, and<br>Wells Fargo Bank, N.A., as Trustee for the<br>Certificateholders of Park Place Securities,<br>Inc., Asset-Backed Pass-Through |

Houston, Texas  77040
Telephone:  (713) 462-2565
Facsimile:  (847) 879-4854
Email:  phreeves@logs.com

Certificates, Series 2004-MCW1

## V.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendants, Specialized Loan Servicing,
LLC, and Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Park Place Securities,
Inc., Asset-Backed Pass-Through Certificates, Series 2004-MCW1, respectfully file this Notice
of Removal thereby removing this action from the 269th Judicial District Court of Harris
County, Texas, to this Court.

Respectfully submitted,


By:    /s/ Philip C. Reeves
       Philip C. Reeves
       Texas Bar No. 24065959
       Kirk A. Schwartz
       Texas Bar No. 24004908
       ShapiroSchwartz, LLP
       13015 Northwest Freeway, Suite 1200
       Houston, Texas  77040
       Telephone:  (713) 462-2565
       Facsimile:  (847) 879-4854
       Email:  phreeves@logs.com

Attorneys for Specialized Loan Servicing, LLC, and
Wells Fargo Bank, N.A., as Trustee for the
Certificateholders of Park Place Securities, Inc.,
Asset-Backed Pass-Through Certificates, Series
2004-MCW1

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of February, 2018, a true and correct copy of the foregoing was sent to:

Jeffrey C. Jackson
Jeffrey Jackson & Associates, PLLC
2200 North Loop West, Ste. 108
Houston, Texas 77018
*Via ECF Service and*
*via Facsimile to 713-682-8866*

　　　　　　　　　　　　　　　　　　　　　　___/s/ Philip C. Reeves_____
　　　　　　　　　　　　　　　　　　　　　　Philip C. Reeves